**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM THOMAS DAVIS,**

    **Petitioner-Defendant,**

v.                                                     **Civil Action No. 5:13-cv-116**
                                                     **Criminal Action No. 5:08-cr-21**
                                                     **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION/OPINION**

**I.    INTRODUCTION**

On August 26, 2013, William Thomas Davis ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:13-cv-116, Docket No. 1; Criminal Action No. 5:08-cr-21, Docket No. 91.) On August 28, 2013, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one (21) days to correct his motion by filing it on the correct for as per Local Rule of Prisoner Litigation Procedure 3.4. (Docket No. 93.)[1] Petitioner filed a memorandum in support of his motion on September 6, 2013 (Docket No. 96) and his correct form ("Court-Approved Motion") on September 11, 2013 (Docket No. 97). On January 27, 2014, Petitioner filed a motion to compel the Government to respond to his motion. (Docket No. 102.)

The undersigned finds that a response from the Government is not necessary to address Petitioner's motion. Accordingly, the undersigned now issues this Report and Recommendation without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends

---

[1] From this point, all docket numbers refer to entries in Criminal Action No. 5:08-cr-21.

that the District Judge deny and dismiss Petitioner's motion.

## II. FACTS

### A. *Conviction and Sentence*

On March 4, 2008, a Criminal Complaint was filed against Petitioner, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On April 2, 2008, Petitioner waived his right to a Grand Jury and agreed to proceed pursuant to an Information filed against him on April 1, 2008. (Docket Nos. 17, 22.) Petitioner appeared before the Honorable Frederick P. Stamp, Jr., United States District Judge, that same day to enter a plea of guilty to the one-count Information charging him with being a felon in possession of a firearm. (Docket No. 25.)

On July 1, 2008, Petitioner appeared before Judge Stamp for sentencing. (Docket No. 37.) At sentencing, Judge Stamp overruled Petitioner's objections to the Presentence Report ("PSR") and designated Petitioner as an Armed Career Criminal. (Id. at 25:18-24.) He sentenced Petitioner to 180 months of incarceration to be followed by a period of five (5) years of supervised release. (Id. at 31:4-18, 37:3-4.)

### B. *Petitioner's First Federal Habeas Corpus*

On March 27, 2009, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. In that motion, Petitioner raised the following claims for relief:

1. The Government breached the plea agreement;

2. Counsel was ineffective because:

   a. He failed to prevent the miscarriage of justice that occurred when Petitioner's plea agreement was revised just before the plea hearing, and Petitioner did not have sufficient time to review and fully understand its consequences;

2

> b. He failed to fully investigate Petitioner's predicate offenses for application of the ACCA enhancement;
>
> c. At sentencing, he failed to object when Petitioner received a 15-year sentence after being promised that the maximum sentence he could receive was ten (10) years;
>
> d. At sentencing, he failed to object when Petitioner's plea was rendered involuntary by the Government's breach of the plea agreement;
>
> e. At sentencing, he failed to argue for a downward departure form the Sentencing Guidelines based upon Petitioner's substantial assistance; and
>
> f. He failed to file a notice of appeal after promising to do so.

(Docket No. 40.)

After the Government had responded to Petitioner's motion, the undersigned issued a Report and Recommendation ("R&R"), recommending that all of Petitioner's claims, except his claim that counsel was ineffective for failing to file an appeal, be denied and dismissed. On February 22, 2011, Judge Stamp adopted the R&R. As to Petitioner's claim that counsel was ineffective for failing to file an appeal, Judge Stamp noted that Petitioner's trial counsel had passed away on June 20, 2010. Davis v. United States, Nos. 5:09-cv-34, 5:08-cr-21, 2011 WL 719062, at *9 (N.D. W. Va. Feb. 22, 2011). Given the "unusual circumstances," Judge Stamp granted Petitioner's claim of ineffective assistance of counsel for failure to file an appeal. Id.

## C. *Direct Appeal*

Petitioner filed his notice of appeal on March 2, 2011. (Docket No. 75.) On appeal, the Fourth Circuit noted that "[b]oth in his plea agreement and at his plea hearing, [Petitioner] was advised incorrectly that he faced a maximum sentence of only ten years." United States v. Davis, 689 F.3d 349, 350 (4th Cir. 2012) (per curiam). Petitioner claimed that this error constituted a

3

breach of his plea agreement. Id. He also challenged the District Court's conclusion that he qualified for a sentence enhancement under the ACCA. Id. In response, the Government sought " to enforce the appeal waiver found in [Petitioner's] plea agreement." Id.

The Fourth Circuit rejected Petitioner's claim that his plea agreement had been breached, noting that "even if the government had made such a promise, the district court would have been compelled to reject the agreement because the government cannot obligate the court to impose a sentence that contravenes the statute." Id. at 354. The Court also rejected Petitioner's challenge to the ACCA enhancement. Specifically, the Court found that Petitioner's 2000 West Virginia conviction for attempted breaking and entering fell under the ACCA's "residual provision for crimes that 'otherwise involve[] conduct that presents a serious potential risk of physical injury to another.'" Id. at 358 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). The Fourth Circuit also rejected Petitioner's claim that his two 1993 convictions for burglary should be viewed as one offense under the ACCA. Id. at 358-59. Petitioner did not file a petition for a writ of certiorari to the Supreme Court.

## D. *Petitioner's Second Federal Habeas Corpus*

In the instant action, Petitioner raises the following claims for relief:

1. It was constitutional error to apply the Armed Career Criminal Act's ("ACCA") residual clause to his prior attempted breaking and entering conviction to enhance his sentence;

2. The ACCA residual clause is impermissibly and unconstitutionally vague, in general and as applied; and

3. The Fourth Circuit committed constitutional and procedural error by applying a principle not raised or suggested below, and not briefed.

(Docket No. 97 at 9-11.)

## III. ANALYSIS

*A. Petitioner's Instant Motion is Not Second or Successive*

Before considering the merits of Petitioner's motion, the undersigned has considered whether Petitioner's motion is an unauthorized second or successive motion. As stated in 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Fourth Circuit has held that "when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, 'the counter of collateral attacks pursued' is 'reset to zero.'" In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (quoting Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998) (per curiam)). Later, the Fourth Circuit concluded that "*Goddard* controls even though [a petitioner] raised claims other than the appeal claim in his first habeas petition." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). As the panel stated, "given the reasoning of *Goddard* that each petitioner should receive one full collateral attack *after the right to appeal has been restored*, . . . there seems to be no reason to place a petitioner . . .–who included additional claims in his initial habeas petition–on a different footing than a petitioner who pursues solely an appeal claim." Id. at 235-36.

Like the petitioner in In re Williams, Petitioner raised several claims, including his claim that

5

counsel failed to file an appeal, in his first § 2255 motion. Nevertheless, Goddard controls Petitioner's situation, as his first § 2255 motion was granted for the purpose of reinstating his right to appeal. Accordingly, the undersigned finds that Petitioner's instant § 2255 motion is not an unauthorized second or successive motion, as Petitioner's "counter of collateral attacks" was "reset to zero" by the grant of his first motion. Shepeck, 150 F.3d at 801.

### B. *Petitioner's Claims are Without Merit*

As noted above, Petitioner raises three distinct claims, all of which challenge the Fourth Circuit's determination that the ACCA's residual clause applied to classify Petitioner's attempted breaking and entering conviction as a predicate offense for purposes of the ACCA. To the extent that Petitioner is challenging the use of the ACCA to enhance his sentence, he cannot relitigate that issue, because issues previously rejected on direct appeal may not be raised by prisoners in a collateral attack. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

Furthermore, Petitioner asserts that he wishes to challenge the Fourth Circuit's decision and that this is his first opportunity to do so. Petitioner's assertion that this is his first opportunity to do so is simply not true. Instead of raising his challenges in his instant motion, Petitioner should have filed either a petition for rehearing *en banc* in the Fourth Circuit or a petition for a writ of certiorari in the Supreme Court. After all, "it is axiomatic that this court has no jurisdiction or authority under the guise of § 2255 to adjudicate claims of error in the appellate courts." Johnson v. United States, NO. 7:07cr00048, 2012 WL 6738265, at *3 n.4 (W.D. Va. Dec. 28, 2012).

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil

Action No. 5:13-cv-116, Docket No. 1; Criminal Action No. 5:08-cr-21, Docket No. 91) be **DENIED** and **DISMISSED WITH PREJUDICE**. The undersigned further recommends that Petitioner's motion to compel the Government to respond to his § 2255 motion (Docket No. 102) be **DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* William Thomas Davis.

DATED: July 17, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE